UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD WAGONER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:05-CV-0438 RM |
| ) | |
| INDIANA DEPARTMENT OF ) | |
| CORRECTIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

Richard Wagoner, a prisoner confined at the Westville Correctional Facility ("WCF"), submitted a complaint under 42 U.S.C. § 1983 alleging that Indiana Department of Correction ("IDOC") officials and Prison Health Care Systems ("PHS") officials violated his federally protected rights. Mr. Wagoner asserts that he is a paraplegic inmate with neurological damage and severe functional limitations. He alleges that beginning in February 2000, IDOC and PHS officials at several institutions deprived him of facilities he needed to deal with his functional limitations — including but not limited to a proper wheelchair, hygiene items to use with his catheter, and shower facilities.[1]

The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which

---

[1] In his complaint, Mr. Wagoner states that he has filed suit "for the same things [he] wrote about in this complaint." The previous complaint was in cause number 4:00cv67 AS. Review of the complaint in that case establishes that the defendants in were Tippecanoe County Jail officials and that he complained only about his treatment at the jail. Accordingly, Mr. Wagoner's previous complaint in no way impacts his ability to bring claims against IDOC defendants in this case.

relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. Weiss v. Colley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Fed. R. Civ. P. 8 establishes a system of notice pleading, Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). "Fed. R. Civ. P. 8 establishes a system of notice pleading," and that a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir.1998), quoting Hishon v. King & Spalding, 467 U.S. 69, 73, (1984).

Mr. Wagoner brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir.

1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

Mr. Wagoner names the IDOC and the WCF as defendants. The Constitution's Eleventh Amendment provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars "a suit by a citizen against the citizens own State in Federal Court." Johns v. Stewart, 57 F.3d 1544, 1552 (7th Cir. 1995). The Eleventh Amendment's jurisdictional bar extends to state agencies, such as the IDOC and the WCF as well as to the State itself. Kashani v. Purdue University, 813 F.2d. 843 (7th Cir. 1987). A State may elect to waive its Eleventh Amendment immunity, but Indiana hasn't done so. Meadows v. State of Indiana, 854 F.2d 1068, 1069 (7th Cir. 1988).

Mr. Wagoner also seeks to sue IDOC and PHS officials for damages in both their official and individual capacities. Mr. Wagoner may sue these defendants for damages in their individual capacities, but the Eleventh Amendment precludes an action against them for damages in their official capacities. Kentucky v. Graham, 473 U.S. 159, 167 (1985); Meadows v. State of Indiana, 854 F.2d at 1069. Moreover, state officials, in their official capacities, are not "persons" within the

3

meaning of § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989).

In regard to personal capacity claims, Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir. 1986); Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir. 1983). There is no suggestion in Mr. Wagoner's complaint that IDOC Commissioner J. David Donahue had any personal involvement in any of the actions he alleges violated his federally protected rights. The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. Zimmerman v. Tribble, 226 F.3d 568 (7th Cir. 2000); Moore v. State of Indiana, 999 F.2d 1125 (7th Cir. 1993). Accordingly, the court denies Mr. Wagoner leave to proceed against Commissioner Donahue in his individual capacity, but will allow him to proceed against the Commissioner in his official capacity for injunctive and declaratory relief. Because the court allows Mr. Wagoner to proceed against Commissioner Donahue for injunctive and declaratory relief, it is not necessary to retain the official capacity claims against the other defendants.

Mr. Wagoner names the Prison Health Services and several of its employees as defendants. The IDOC has a contract with PHS to provide health care to prisoners. Because Mr. Wagoner alleges that the PHS employees participated in the decisions to deny him medical attention, for the purposes of this memorandum, the court construes them as state actors. Dennis v. Spark, 449 U.S. 24 (1980) (the joint action test provides that a private party who is a willful

participant in joint action with state agents may be considered to have acted under color of state law).

PHS as a corporation might also be a proper defendant if a corporation is a "person" for purposes of 42 U.S.C. § 1983 when acting as the *alter ego* of a state. Ancata v. Prison Health Services, 769 F.2d 700 (11th Cir. 1985) (Corporation acting on behalf of a county is a person.); Comtronics, Inc. v. Puerto Rico Tel., 409 F.Supp. 800, 806 (Corporation is a person.); and Croy v. Skinner, 410 F.Supp. 117, 123 (D. Ga. 1976) (Corporation is a person.). *Cf.* Eddy v. Virgin Islands Water and Power Authority, 955 F.Supp. 468, 477 (D. V.I. 1997) (corporation acting on behalf of a state is not a person). But Mr. Wagoner does not allege that PHS corporate officials made decisions concerning his treatment or that any denial of treatment resulted from corporate policy. PHS cannot remain as a defendant based only on the actions of PHS employees at IDOC facilities because the doctrine of *respondeat superior* has no application to § 1983 actions. Moore v. State of Indiana, 999 F.2d at 1129. Accordingly, the court will allow Mr. Wagoner to proceed against individual PHS employees but not against PHS itself.

Mr. Wagoner seeks to sue John and Jane Doe defendants "to be named when identity is ascertained." (Complaint at p. 2). To proceed against the Doe defendants, Mr. Wagoner must identify them through discovery, amend his complaint to add their correct names, and provide the materials necessary to serve them.

Mr. Wagoner's complaint begins with events that occurred in February 2000 when he was transferred from the Tippecanoe County Jail to the IDOC. Because there is no federal statute of limitations for actions filed pursuant to § 1983,

5

courts apply the most appropriate state statute of limitations. Bell v. City of Milwaukee, 746 F.2d 1205, 1229 (7th Cir. 1984); Johnson v. City of Fort Lauderdale, 903 F.Supp. 1520 (S.D.Fla. 1995), *affirmed* 114 F.3d 1089 (11th Cir. 1997). Section 1983 claims are considered as personal injury claims for purposes of determining the applicable state statute of limitations. Wilson v. Garcia, 471 U.S. 261 (1985). "Indiana law requires that any action for injuries to the person or character must be commenced within two years after the cause of action accrues. I.C. 34-11-2-4 (formerly Ind. Code § 34-1-2-2(1))." Doe v. Howe Military School, 227 F.3d 981, 987 (7th Cir. 2001); *see also* Snoderly v. R.U.F.F. Drug Enforcement Task Force, 239 F.3d 892, 894 (7th Cir. 2001) (two-year statute of limitations "is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983"). The statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." Tregenza v. Great American Communications Co., 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1084 (1994).

The clerk of this court received the complaint in this case on July 21, 2005. The "mailbox" rule established in Houston v. Lack, 487 U.S. 266 (1988), under which a prisoner's submissions to the court are to be deemed as "filed" on the date he delivers it to prison authorities for forwarding to the district court, applies to the initial filing of complaints with the court. Cooper v. Brookshire, 70 F.3d 377 (5th Cir. 1995). At the screening stage, this court normally accepts the date a prisoner signs the complaint as the date he delivered it to prison officials for mailing. Because Mr. Wagoner signed his complaint on July 18, 2005, the court considers any events occurring before July 18, 2003, as beyond the statute of

6

limitations.

In Count I of his complaint, Mr. Wagoner alleges that the defendants' actions deprived him "of rights, privileges, and immunities secured to him by the United States Constitution and the laws of the United States." (Complaint at p. 8). In Count II of his complaint, he asserts that the defendants actions subjected him to cruel and unusual punishment in violation of the Constitution's Eighth Amendment.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Giving Mr. Wagoner the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say no relief could be granted under any set of facts that could be proved consistent with his Eighth Amendment deliberate indifference claims.

In his third cause of action, Mr. Wagoner alleges that the defendants' actions violated the Fourteenth Amendment's equal protection clause. He specifically alleges that they deprived him "of equal protection, the access to services, programs and activities, and by means of his handicap and disabilities, has been deprived of a basic and minimal quality of life." (Complaint at p. 8).

7

The guarantee of equal protection is a right to be free from intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through agents. <u>Village of Willowbrook</u>, 528 U.S. 562 (2000). But the equal protection clause doesn't require absolute equality or precisely equal advantages, <u>McCalvin v. Fairman</u>, 603 F.Supp. 342, 346 (C.D. Ill. 1985), citing <u>French v. Heyne</u>, 547 F.2d 994, 997 (7th Cir. 1976), and mere inconsistency in prison management does not in itself state an equal protection claim. <u>McCalvin v. Fairman</u>, 603 F.Supp. at 346; <u>Durso v. Rowe</u>, 579 F.2d 1365, 1372 (7th Cir. 1978). Giving Mr. Wagoner the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of facts in support of his Equal Protection claim which would entitle him to relief.

In his fourth cause of action, Mr. Wagoner brings a claim for compensatory and punitive damages under the Americans with Disabilities Act ("ADA"), and asks the court to issue injunctive relief. The ADA applies to state prisons and jails, <u>Pennsylvania Department of Corrections v. Yeskey</u>, 524 U.S. 206 (1998), but the Eleventh Amendment precludes actions by private individuals for damages based on the ADA. <u>Board of Trustees of the University of Alabama v. Garrett</u>, 531 U.S. 356 (2001). There is no personal liability under Title I and Title II of the act, <u>Walker v. Snyder</u>, 213 F.3d 344, 346 (7th Cir. 2000), *cert. denied*, 531 U.S. 1190 (2001), *citing* <u>Silk v. Chicago</u>, 194 F.3d 788, 797 n. 5 (7th Cir. 1999); <u>Bryant v. Madigan</u>, 84 F.3d 246, 249 (7th Cir. 1996). Accordingly, the defendants "could be liable only in their official capacities," <u>Walker v. Snyder</u>, 213 F.3d at 346, and the Eleventh Amendment precludes a claim for damages against them. <u>Walker v. Snyder</u>, 213 F.3d at 347.

Ex Parte Young, 209 U.S. 123 (1908), does not allow a plaintiff to avoid the prohibition against private litigation against the state, in these circumstances, by suing its officials. A "suit based on Young is a suit against state officers as individuals, not against the state itself. We held above that the only proper defendant in an action under the provisions of the ADA at issue here is the public body as an entity. A suit resting on the Young approach is not a suit against the public body and therefore cannot support relief." Walker v. Snyder, 213 F.3d at 347; *Cf.* Board of Trustees of the University of Alabama v. Garrett, 311 U.S. at 374 n. 9 (suggesting that standards established by Title I of the ADA may be enforceable by private individuals in actions for injunctive relief under Ex parte Young). Accordingly, Mr. Wagoner "must pursue all of his ADA theories in state court." Walker v. Snyder, 213 F.3d at 347.

For the foregoing reasons, the court:

(1)  DISMISSES, pursuant to 28 U.S.C. § 1915A(b)(1), defendants Indiana Department of Correction, Westville Correctional Facility, and Prison Health Services, DISMISSES the official capacity damage claims against the defendants, DISMISSES the official capacity injunctive and declaratory relief claims against all defendants except J. David Donahue, DISMISSES claims arising from events occurring before July 18, 2003, and DISMISSES the claims presented in the plaintiff's fourth cause of action without prejudice to his right to refile those claims in state court;

(2) GRANTS the plaintiff leave to proceed against J. David Donahue in his official capacity for injunctive and declaratory relief, and GRANTS the plaintiff leave to proceed against the remaining defendants in their

9

individual capacities for damages on the claims presented in the complaint's first, second, and third causes of action;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS the defendants to respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the marshals service to effect service of process on defendants J. David Donahue, Edwin Buss, Craig Hanks, Ron Rice, Linda Commons, Connie Morrow, Joe Thomas, and Tom Applegate, and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

SO ORDERED.

ENTERED: September 27 , 2005

        /s/ Robert L. Miller, Jr.
       The Honorable Chief Judge
       United States District Court